[Cite as *State v. Dorsey*, 2021-Ohio-76.]

# IN THE COURT OF APPEALS OF OHIO
# SECOND APPELLATE DISTRICT
# MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28747 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-4038 |
| | : | |
| ANTONE G. DORSEY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 15th day of January, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

KRISTIN L. ARNOLD, Atty. Reg. No. 0088794, 120 West Second Street, Suite 1717, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Antone G. Dorsey, appeals from his conviction in the Montgomery County Court of Common Pleas after he pled guilty to attempted trespass in a habitation. On May 20, 2020, Dorsey's appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for appeal. On May 21, 2020, this court notified Dorsey that his counsel found no meritorious claims to present on appeal and granted Dorsey 60 days to file a pro se brief assigning any errors for review. Due to the tolling order issued by the Supreme Court of Ohio in response to the COVID-19 pandemic, and in conjunction with Am.Sub.H.B. 197, we later extended the deadline for Dorsey to file a pro se brief to August 31, 2020. Dorsey, however, failed to file a pro se brief. Thereafter, we conducted an independent review of the record as required by *Anders* and found no issues with arguable merit for appeal. Therefore, the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

{¶ 2} On January 6, 2020, a Montgomery County grand jury returned an indictment charging Dorsey with one count of trespass in a habitation in violation of R.C. 2911.12(B), a felony of the fourth degree, and one count of failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B), a misdemeanor of the first degree.

{¶ 3} The charges arose after Dorsey encountered a Vandalia police officer at a gas station on the morning of December 8, 2019. The officer was called to investigate a report of a suspicious vehicle parked at one of the gas station's pumps for approximately an hour. When the officer approached the vehicle, he observed a male, later identified

as Dorsey, sleeping inside. The officer proceeded to wake Dorsey and ask for his identification. Dorsey responded by reaching his hand down between the driver's seat and the driver's-side door. Upon seeing this, the officer ordered Dorsey to keep his hands up where the officer could see them. Dorsey, however, continued to put his hand back down beside the driver's seat. In response, the officer grabbed Dorsey's hand and ordered him to stop. Dorsey then pulled away from the officer and drove off at a high rate of speed. Dorsey eventually exited the vehicle and fled on foot. A canine unit tracked Dorsey and found him hiding inside an unlocked sunroom of a 78-year-old woman's residence on Meadowview Court in Vandalia. Dorsey was then taken into custody and charged with the aforementioned offenses.

{¶ 4} On February 21, 2020, Dorsey entered into a plea agreement with the State whereby he agreed to plead guilty to an amended charge of attempted trespass in a habitation in violation of R.C. 2911.12(B)/ R.C. 2923.02, a felony of the fifth degree. In exchange for Dorsey's guilty plea, the State agreed to the amended charge and to dismiss the charge for failure to comply with the order or signal of a police officer. After discussing the plea agreement with both parties, the trial court accepted Dorsey's guilty plea and ordered a presentence investigation report ("PSI") for purposes of sentencing.

{¶ 5} At sentencing, the trial court ordered Dorsey to serve nine months in prison with 89 days of jail time credit. The trial court also ordered Dorsey to pay court costs. In issuing its sentencing decision, the trial court advised Dorsey that he was not eligible for the TCAP ("Targeted Community Alternatives to Prison") program under R.C.

2929.34(B)(3)(c)[1] because he had been previously convicted of an offense of violence.[2] The trial court further advised Dorsey that post-release control would be discretionary for a period of up to three years after he served his time in prison.

{¶ 6} Dorsey now appeals from his conviction. As previously noted, Dorsey's appellate counsel filed an *Anders* brief asserting the absence of any non-frivolous issues for appeal.

**Standard of Review**

{¶ 7} Pursuant to *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, this court must conduct an independent review of the record to determine if the appeal at issue is wholly frivolous. *Id.* at 744. "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. Rather, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be

---

[1] R.C. 2929.34(B)(3)(c) governs TCAP and provides that on and after July 1, 2018, no person sentenced by the court of common pleas of a voluntary county to a prison term for a felony of the fifth degree shall serve the prison term in an institution under the control of the Ohio Department of Rehabilitation and Correction ("ODRC"), but shall instead serve the sentence as a term of confinement in a local facility such as a county jail or community-based correctional facility. *See* R.C. 2929.34(C) and (D). Montgomery County is a "voluntary county" that participates in TCAP. *See State v. Pope*, 2d Dist. Montgomery Nos. 28142, 28143, 2019-Ohio-4100, ¶ 5.

[2] R.C. 2929.34(B)(3)(d)(ii) provides that a defendant who has been previously convicted of a felony offense of violence as defined by R.C. 2901.01 is ineligible for TCAP's mandated imprisonment at a non-ODRC facility.

made that it offers a basis for reversal." *Id.*, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.

{¶ 8} If we determine the appeal is frivolous, we may grant counsel's request to withdraw and then dismiss the appeal without violating any constitutional requirements, or we can proceed to a decision on the merits if state law requires it. *State v. McDaniel*, 2d Dist. Champaign No. 2010-CA-13, 2011-Ohio-2186, ¶ 5, citing *Anders* at 744. However, "[i]f we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant." *Marbury* at ¶ 7, citing *Pullen*.

**Law and Analysis**

{¶ 9} As previously noted, Dorsey's appellate counsel filed an *Anders* brief asserting the absence of any issues with arguable merit for appeal. Rather than raising any potential assignments of error for this court to review, counsel simply discussed why Dorsey's guilty plea and sentence were valid.

{¶ 10} With regard to Dorsey's guilty plea, Dorsey's counsel concluded that the transcript of Dorsey's plea hearing reflects that the trial court complied with all the requirements for accepting guilty pleas in Crim.R. 11(C) and that Dorsey's guilty plea was knowingly, intelligently, and voluntarily entered. "In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim.R. 11(C)." *State v. Brown*, 2d Dist. Montgomery Nos. 24520, 24705, 2012-Ohio-199, ¶ 13. Pursuant to Crim.R. 11(C)(2), the trial court may not accept a defendant's guilty plea without first addressing the defendant personally and:

(a)     Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b)     Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c)     Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(a)-(c).

{¶ 11} Here, the record of the plea hearing establishes that the trial court ensured that Dorsey's plea was being made voluntarily and that Dorsey understood the nature of the attempted trespass in a habitation charge for which he was pleading guilty. The trial court also correctly advised Dorsey of the maximum possible penalty he could receive for his offense, which included a 12-month prison sentence, non-mandatory post-release control for up to three years, a $2,500 fine, and payment of court costs and any restitution.

{¶ 12} Since Dorsey was on federal probation at the time of his plea hearing, the trial court also advised Dorsey that, as a result of his guilty plea, his federal probation could be revoked and that the federal authorities could impose a sentence consecutive to the sentence imposed in the instant case. The trial court further advised Dorsey that a guilty plea was a complete admission of his guilt, and that upon accepting his guilty plea, the trial court could proceed with entering a judgment and sentence. Lastly, the trial court advised Dorsey of all the constitutional rights he was waiving under Crim.R. 11(C)(2)(c) by entering his guilty plea.

{¶ 13} For the foregoing reasons, we agree with counsel that the record of the plea hearing establishes that the trial court complied with all the requirements under Crim.R. 11(C)(2). Because the record establishes that Dorsey understood all of the trial court's advisements at the plea hearing, there are no non-frivolous issues for appeal concerning Dorsey's guilty plea.

{¶ 14} Dorsey's counsel also concluded that Dorsey's sentence was not contrary to law. When reviewing a felony sentence we must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7-10. Under that statute, an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under certain enumerated statutes or that the sentence is otherwise contrary to law. *Id.* at ¶ 1, 9.

{¶ 15} Here, the trial court was not required to make any findings under the relevant statutes enumerated in R.C. 2953.08(G)(2). Therefore, Dorsey's sentence may be modified or vacated on appeal only if the sentence was clearly and convincingly

contrary to law. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.).

{¶ 16} Previously, when reviewing sentences that only required the trial court to consider the factors in R.C. 2929.11 and R.C. 2929.12, this court has followed the Supreme Court of Ohio's language in *Marcum* stating that:

> [I]t is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

*Marcum* at ¶ 23.

{¶ 17} Recently, however, in *State v. Jones*, Ohio Slip Opinion No. 2020-Ohio-6729, __ N.E.3d __, the Supreme Court of Ohio indicated that the aforementioned language in *Marcum* was dicta. *Id.* at ¶ 27. In *Jones,* the court held that "R.C. 2953.08(G)(2)(b) * * * does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39. In so holding, the Supreme Court explained that "an appellate court's determination that the record does not support a sentence does not

equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Id.* at ¶ 32. Therefore, pursuant to *Jones*, an appellate court errs if it relies on the dicta in *Marcum* and modifies or vacates a sentence "based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and R.C. 2929.12." *Id.* at ¶ 29.

{¶ 18} As a result of the Supreme Court's holding in *Jones*, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law. As previously noted, "[a] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, at ¶ 74.

{¶ 19} In this case, Dorsey's nine-month prison sentence was within the authorized statutory range for fifth-degree felonies, *see* R.C. 2929.14(A)(5), and the record of the sentencing hearing indicates that the trial court considered the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12 when issuing its sentencing decision. *See* Sentencing Tr. p. 26. Therefore, Dorsey's nine-month prison sentence was not contrary to law.

{¶ 20} We also note that the trial court's TCAP eligibility determination was not contrary to law. R.C. 2929.34(B)(3)(d)(ii) provides that a defendant who has previously been convicted of a felony offense of violence as defined in R.C. 2901.01 is not eligible for TCAP. Dorsey's PSI report established that he had a 2012 felony conviction in

Greene County for inducing panic in violation of R.C. 2917.31, which is defined as an offense of violence under R.C. 2901.01(A)(9)(a). Therefore, the record establishes that the trial court correctly determined that Dorsey was ineligible for TCAP due to Dorsey's previously being convicted of an offense of violence.

{¶ 21} For the foregoing reasons, we agree with counsel's conclusion that Dorsey's sentence is not contrary to law and that there are no issues with arguable merit for appeal.

## Conclusion

{¶ 22} After conducting an independent review of the record as required by *Anders*, we find that, based on the facts and relevant law involved, there are no issues with arguable merit to present on appeal. Therefore, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

HALL, J., concurs.

FROELICH, J., concurs in judgment:

I write separately to express concern about the breadth of the recent holding in *Jones,* Ohio Slip Opinion No. 2020-Ohio-6729, __ N.E.3d __. However, in this case, even any arguable issue regarding sentencing (as opposed to other matters) is moot based on Dorsey's having completed his sentence.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Kristin L. Arnold
Antone G. Dorsey
Hon. Mary Katherine Huffman