[Cite as *State v. Allen*, 2022-Ohio-488.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee         :   Appellate Case No. 2021-CA-37
                                       :
v.                                     :   Trial Court Case No. 2020-CR-414
                                       :
JAMES ALLEN                            :   (Criminal Appeal from
                                       :   Common Pleas Court)
    Defendant-Appellant        :
                                       :

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of February, 2022.

. . . . . . . . . . .

ANDREA K. BOYD, Atty. Reg. No. 0074332, Assistant Prosecuting Attorney, Ohio Attorney General's Office, 30 East Broad Street, 23rd Floor, Columbus, Ohio 43215
    Attorney for Plaintiff-Appellee

KEVIN L. LENNEN, Atty. Reg. No. 0038993, 120 West Second Street, Suite 820, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant James Allen appeals his conviction for one count of assault, in violation of R.C. 2903.13(A), a misdemeanor of the first degree; one count of disrupting public services, in violation of R.C. 2923.02 and 2909.04, a felony of the fifth degree; and one count of menacing by stalking, in violation of R.C. 2903.211, a felony of the fourth degree.

{¶ 2} On July 21, 2020, Allen was indicted for three counts of aggravated burglary, three counts of kidnapping, three counts of attempted rape, two counts of assault, three counts of disrupting public services, one count of felonious assault, and one count of menacing by stalking.   All of the offenses were related to incidents that occurred over the course of several days in early November 2019 involving Allen's ex-girlfriend, R.R.

{¶ 3} On June 10, 2021, Allen pled guilty to one count of assault, one count of disrupting public services, and one count of menacing by stalking.   In exchange for Allen's guilty pleas, the State dismissed the remaining counts in the indictment, and the parties agreed to jointly recommend an aggregate sentence of 24 months in prison. Allen also agreed to waive a presentence investigation report and to proceed directly to sentencing.

{¶ 4} The trial court rejected the parties' joint 24-month sentencing recommendation; instead, it imposed six months for assault; 12 months for disrupting public services; and 18 months for menacing by stalking.   The trial court ordered that Allen's sentences for disrupting public services and menacing by stalking be served consecutively, and that his sentence for assault be served concurrently to those sentences, for an aggregate sentence of 30 months in prison.

{¶ 5} Allen appeals.

{¶ 6} Allen's first assignment of error states:

THE SENTENCE OF THE TRIAL COURT IS CONTRARY TO LAW SINCE IT DID NOT CONSIDER THE PURPOSES AND PRINCIPLES OF FELONY SENTENCING AS SET FORTH IN O.R.C. 2929.11 OR THE SERIOUSNESS AND RECIDIVISM FACTORS OF O.R.C. 2929.12.

{¶ 7} Allen contends that the sentence imposed by the trial court was contrary to law because the record establishes that the court failed to properly consider the sentencing factors set forth in R.C. 2929.11 and R.C. 2929.12. On that basis, Allen argues that his sentence should be modified.

{¶ 8} To the extent that Allen seeks to have this Court modify his sentence, we emphasize that the Supreme Court of Ohio has clarified an appellate court's review of a felony sentence under R.C. 2953.08(G)(2). *State v. Jones*, 163 Ohio.St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. The Supreme Court determined that R.C. 2953.08(G)(2)(a) "clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and R.C. 2929.12 because * * * R.C. 2929.11 and R.C. 2929.12 are not among the statutes listed in the provision." *Id*. at ¶ 31. Thus, the Supreme Court concluded that an appellate court may not modify or vacate a felony sentence based upon a finding by clear and convincing evidence that the record does not support the trial court's "findings" under R.C. 2929.11 and R.C. 2929.12. *Id*. at ¶ 42 ("Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that

best reflects compliance with R.C. 2929.11 and 2929.12.").

{¶ 9} In *Jones*, the Supreme Court also confirmed that R.C. 2953.08(G)(2)(b) does not provide a mechanism for an appellate court to modify or vacate a felony sentence based upon a finding that the sentence is "contrary to law" because it clearly and convincingly is not supported by the record under R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 32-39. "As a result of the Supreme Court's holding in *Jones*, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law." *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *Id.*, citing *State v. Brown*, 2017-Ohio 8416, 99 N.E.3d 1135 (2d Dist.).

{¶ 10} The record demonstrates that the prison terms imposed by the trial court in this case were within the statutory range and that the trial court specifically considered the requisite statutory factors in R.C. 2929.11 and R.C. 2929.12 when it fashioned Allen's aggregate sentence. Although the transcript of the sentencing hearing establishes that the trial court failed to specifically address the sentencing factors in R.C. 2929.11 and R.C. 2929.12, absent an affirmative showing to the contrary, an appellate court will generally presume that the trial court did consider the statutory factors. *State v. Money*, 2d Dist. Clark No. 2009-CA-119, 2010-Ohio-6225, ¶ 10. This presumption may be rebutted by an affirmative showing that the trial court failed to consider the factors, or by

demonstrating the chosen sentence is "strikingly inconsistent" with the applicable factors. *Id.* Furthermore, the trial court stated the following in its judgment entry of conviction:

The Court considered the record, oral statements of counsel, the defendant's statement, *the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12.*

{¶ 11} Additionally, the trial court stated that Allen had a history of criminal convictions in Clark County for breaking and entering, burglary, criminal trespass, possession of cocaine, theft with an elderly specification, and forgery. Disposition Tr. 16. The trial court also found that with respect to his previous convictions, Allen had served "four separate and distinct prison terms." *Id.* Thus, Allen cannot demonstrate that his sentence was clearly and convincingly contrary to law, and his sentence must therefore be affirmed. *See State v. Burks*, 2d Dist. Clark No. 2019-CA70, 2021-Ohio-224, ¶ 9. Under *Jones*, this ends the inquiry regarding the individual and aggregate sentences.

{¶ 12} Allen's first assignment of error is overruled.

{¶ 13} Allen's second assignment of error states:

THE TRIAL COURT COMMITTED ERROR WHEN IT IMPOSED MAXIMUM AND CONSECUTIVE SENTENCES WITHOUT ADEQUATE JUSTIFICATION.

{¶ 14} Allen argues that the trial court erred when it imposed maximum consecutive sentences. Because we have already found that Allen's individual and aggregate sentences were not contrary to law in our analysis of the previous assignment of error, we need only determine if the trial court erred when it imposed consecutive

sentences.

{¶ 15} In general, it is presumed that prison terms will be served concurrently. R.C. 2929.41(A); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 16, 23 ("judicial fact-finding is once again required to overcome the statutory presumption in favor of concurrent sentences"). However, after determining the sentence for a particular crime, a sentencing judge has discretion to order an offender to serve individual counts of a sentence consecutively to each other or to sentences imposed by other courts. *State v. Dillon*, 2d Dist. Greene No. 2020-CA-4, 2020-Ohio-5031, ¶ 44.

{¶ 16} R.C. 2929.14(C)(4) permits a trial court to impose consecutive sentences if it finds that (1) consecutive sentencing is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) any of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive

sentences are necessary to protect the public from future crime by the offender.

{¶ 17} In imposing consecutive sentences, the trial court made the required statutory findings. The court found, both orally and in its judgment entry, that consecutive sentences were necessary to protect the public or to punish Allen and that consecutive sentences were not disproportionate to the seriousness of his conduct and to the danger that he posed to the public. Additionally, the court found that Allen's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by him. As previously stated, the trial court found that Allen had a history of criminal convictions in Clark County for breaking and entering, burglary, criminal trespass, possession of cocaine, theft with an elderly specification, and forgery. Disposition Tr. 16. The trial court also found that with respect to his previous convictions, Allen had served "four separate and distinct prison terms." *Id.* Notably, the 24-month sentence recommended by the parties necessarily contemplated a consecutive term.

{¶ 18} Upon review of Allen's criminal history, we cannot conclude that the trial court's finding was clearly and convincingly unsupported by the record. The record amply supported the trial court's conclusion that Allen's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by him.

{¶ 19} Allen's second assignment of error is overruled.

{¶ 20} Both of Allen's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.



Copies sent to:

Andrea K. Boyd
Kevin L. Lennen
Hon. Douglas M. Rastatter