[Cite as *State v. Barker*, 2022-Ohio-3939.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2022-CA-27 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-812 |
| | : | |
| BRIAN BARKER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of November, 2022.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

ANDREW R. BARNES, Atty. Reg. No. 0098065, 10 North Ludlow Street, Suite 200, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Brian Barker appeals his conviction for attempted trespass in a habitation, in violation of R.C. 2923.02(A) and R.C. 2911.12(B). Barker filed a timely notice of appeal on April 13, 2022.

{¶ 2} On November 1, 2021, Barker entered the apartment of the victim, Rodney Callicoat. Because Barker appeared to be under the influence of alcohol and/or drugs and was acting as if he were going to urinate on the floor, Callicoat ordered Barker to leave. At that point, Barker left Callicoat's apartment and went to the apartment of Russell Jones, which was located in the same building. A short time later, Barker attempted to reenter Callicoat's apartment, forcing his way inside the door. Barker began striking Callicoat with his hands. Callicoat then wrestled Barker to the ground. Jones appeared and was eventually able to stop the men from fighting. The incident was reported to the police, and Barker was arrested.

{¶ 3} On December 14, 2021, Barker was indicted for one count of aggravated burglary, in violation of R.C. 2911.11(A)(1), a felony of the first degree. At his arraignment on December 17, 2021, Barker pled not guilty to the charged offense. Pursuant to a plea agreement, the State amended Barker's indictment to the reduced charge of one count of attempted trespass in a habitation, a felony of the fifth degree, to which he pled guilty on March 7, 2022. The trial court accepted Barker's guilty plea and ordered a presentence investigation report (PSI). On March 28, 2022, Barker was sentenced to 11 months in prison with jail time credit dating back to December 14, 2021. The trial court also ordered Barker to serve up to two years of post-release control.

{¶ 4} Barker appeals.

{¶ 5} Barker's first assignment of error is as follows:

THE TRIAL COURT ABUSED [ITS] DISCRETION IMPOSING EFFECTIVELY THE MAXIMUM RATHER THAN THE MINIMUM SANCTION NECESSARY.

{¶ 6} Barker contends that the trial court erred when it sentenced him to 11 months in prison rather than community control.

{¶ 7} R.C. 2929.13 provides:

(B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction or combination of community control sanctions if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

{¶ 8} R.C. 2929.13(B)(1)(b) provides: "The court has discretion to impose a prison

term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply: * * * (ix) The offender at the time of the offense was serving, or the offender previously had served, a prison term."

{¶ 9} In *State v. Castle*, 2d Dist. Clark No. 2016-CA-16, 2016-Ohio-4974, we observed:

> Courts use various language in describing the requirements and interplay of R.C. 2929.13(B)(1)(a) and (b). Some courts have referred to R.C. 2929.13(B)(1)(a)'s requirement that community control be imposed if all of the qualifying conditions are met and none of the exceptions set forth in R.C. 2929.13(B)(1)(b) applies as a "presumption" of community control, whereas others refer to community control as "mandatory," subject to certain conditions and exceptions. The bottom line is that the statutory requirement to impose community control for qualifying fourth and fifth degree non-violent offenses is subject to certain fact-finding by the trial court.

*Id.* at ¶ 12.

{¶ 10} We have also stated:

> In essence, R.C. 2929.13(B)(1)(a) mandates community control for fourth and fifth-degree felony offenses when certain requirements are met. A sentencing court has no discretion to impose a prison term when a defendant is sentenced under division (B)(1)(a). Under division (B)(1)(b),

however, a trial court regains discretion to impose a prison term on a defendant who otherwise would fit within the scope of division (B)(1)(a) but for the presence of one or more additional facts. * * *

*State v. Taylor*, 2014-Ohio-2821, 15 N.E.3d 900, ¶ 7 (2d Dist.).

{¶ 11} We now must decide if the record supported the trial court's determination that R.C. 2929.13(B)(1)(b) gave it the discretion to impose a prison term. Because the case was resolved by a plea, the PSI provided the most detailed information in the record. The PSI stated that Barker previously had served a one-year prison term for violating the terms of his community control in Clark C.P. No. 2011-CR-873; a case in which he had pled guilty to one count of receiving stolen property, a felony of the fifth degree. Therefore, the trial court was not required to impose community control pursuant to R.C. 2929.13(B)(1)(a); rather, it had the discretion to impose a prison sentence pursuant to R.C. 2929.13(B)(1)(b).

{¶ 12} Additionally, the trial court found that Barker had caused Callicoat physical harm. R.C. 2929.13(B)(1)(b)(ii) also provides that "[t]he court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if," although the offense is not a qualifying assault offense, "the offender *caused physical harm to another person* while committing the offense." (Emphasis added.) Here, the record establishes that Barker forced his way into Callicoat's apartment and struck him, thereby causing some bruising and a swollen eye. Plea Tr. p. 9. R.C. 2901.01(A)(3) defines "physical harm to persons" as "any injury, illness, or other physiological

impairment, regardless of its gravity or duration." Thus, the trial court correctly found that R.C. 2929.13(B)(1)(b)(ii) provided a second basis upon which to find that it had the discretion to impose a prison term in Barker's case and was not required to impose community control.

{¶ 13} Barker's first assignment of error is overruled.

{¶ 14} Because they are interrelated, Barker's three remaining assignments will be discussed together:

THE TRIAL COURT FAILED TO COMPLY WITH ALL APPLICABLE RULES AND STATUTES IN IMPOSING SENTENCE.

[THE] TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING.

[THE] TRIAL COURT ABUSED ITS DISCRETION AND FAILED TO UTILIZE THE MITIGATING FACTORS DURING SENTENCING.

{¶ 15} Barker argues that the sentence imposed by the trial court was contrary to law because the court failed to properly consider the sentencing factors set forth in R.C. 2929.11 and R.C. 2929.12. On that basis, Barker argues that his sentence should be modified.

{¶ 16} To the extent that Barker seeks to have this Court modify his sentence, we emphasize that the Supreme Court of Ohio has clarified the extent of an appellate court's review of a felony sentence under R.C. 2953.08(G)(2). *State v. Jones,* 163 Ohio.St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. The Supreme Court determined that R.C. 2953.08(G)(2)(a) "clearly does not provide a basis for an appellate court to modify or

vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and R.C. 2929.12 because * * * R.C. 2929.11 and R.C. 2929.12 are not among the statutes listed in the provision." *Id.* at ¶ 31. Thus, the Supreme Court concluded that an appellate court may not modify or vacate a felony sentence based upon a finding by clear and convincing evidence that the record does not support the trial court's "findings" under R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 42 ("Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.").

{¶ 17} In *Jones*, the Supreme Court also confirmed that R.C. 2953.08(G)(2)(b) does not provide a mechanism for an appellate court to modify or vacate a felony sentence based upon a finding that the sentence is "contrary to law" because it clearly and convincingly is not supported by the record under R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 32-39. "As a result of the Supreme Court's holding in Jones, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law." *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *Id.*, citing *State v. Brown*, 2017-Ohio 8416, 99 N.E.3d 1135 (2d Dist.).

{¶ 18} The record demonstrates that the prison term imposed by the trial court in this case was within the statutory range and that the trial court specifically considered the requisite statutory factors in R.C. 2929.11 and R.C. 2929.12 when it fashioned Barker's sentence. Although the transcript of the sentencing hearing establishes that the trial court failed to specifically address the sentencing factors in R.C. 2929.11 and R.C. 2929.12, absent an affirmative showing to the contrary, an appellate court will generally presume that the trial court did consider the statutory factors. *State v. Money*, 2d Dist. Clark No. 2009-CA-119, 2010-Ohio-6225, ¶ 10. This presumption may be rebutted by an affirmative showing that the trial court failed to consider the factors or by demonstrating that the chosen sentence is "strikingly inconsistent" with the applicable factors. *Id.* Furthermore, the trial court stated the following in its judgment entry of conviction:

> The Court considered the PSI, record, oral statements of counsel, the defendant's statement, and *the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and then balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12.*

{¶ 19} Additionally, the trial court stated that Barker had previously served a prison term in a separate case after violating the terms of his community control and that he had caused physical harm to the victim in the instant case. Therefore, Barker cannot demonstrate that his sentence was clearly and convincingly contrary to law, and his sentence must be affirmed. *See State v. Burks*, 2d Dist. Clark No. 2019-CA70, 2021-Ohio-224, ¶ 9. Under *Jones*, this ends the inquiry regarding Barker's sentence.

{¶ 20} Barker's second, third, and fourth assignments of error are overruled.

{¶ 21} All of Barker's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.

Copies sent to:

Ian A. Richardson
Andrew R. Barnes
Hon. Douglas M. Rastatter