[Cite as *State v. King*, 2023-Ohio-860.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-38 |
| | : | |
| v. | : | Trial Court Case No. 2020CR0467 |
| | : | |
| DAVID W. KING | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 17, 2023

. . . . . . . . . . .

MEGAN A. HAMMOND Attorney for Appellee

JOHN A. FISCHER, Attorney for Appellant

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant David King appeals from his conviction following a guilty plea to one count of domestic violence, a felony of the fourth degree. Specifically, he challenges the imposition of the maximum sentence. For the following reasons, the judgment of the trial court will be affirmed.

I. **Procedural History and Facts**

{¶ 2} On July 17, 2020, King was indicted on one count of domestic violence with one prior offense, in violation of R.C. 2919.25(A), a felony of the fourth degree. Following arraignment, King was placed on an own recognizance bond with several conditions, including that he would be present at all court hearings requiring his attendance. After several continuances, a hearing was scheduled for May 5, 2021, but King failed to appear, and a capias was issued by the court for his arrest.

{¶ 3} On January 26, 2022, King was arrested on the capias, and a bond violation hearing was scheduled. After determining that King had violated his bond, the trial court ordered King to be held on a $20,000 bond with 10% permitted. The court also ordered that if King posted bond, then additional conditions of bond were imposed, including that he would report to the probation department as often as requested or required, including reporting for a presentence investigation ("PSI") interview. King posted bond on February 12, 2022.

{¶ 4} On April 6, 2022, King entered a negotiated guilty plea to the charge as listed in the indictment in exchange for an agreement by the State to recommend community control sanctions. However, the parties agreed that if King failed to cooperate with the PSI process, to attend PSI appointments, to attend court hearings, or if he committed any new offense between the plea date and final disposition date, the State would withdraw its recommendation. Additionally, the trial court orally informed King that the plea agreement was between King and the State and that the trial court was not required to follow any portion of it if the court were to find it was inappropriate. King indicated on the record that he understood. Following the trial court's acceptance of King's plea,

sentencing was scheduled for May 18, 2022.

{¶ 5} King was scheduled for a PSI interview on April 21, 2022, but failed to appear. As a result, on April 29, 2022, Josh Elliot, a probation officer with the Greene County Adult Probation Department, filed a motion for a violation of bond and requested a capias be issued, which was granted.

{¶ 6} On May 8, 2022, King was arrested on the capias, and a new sentencing hearing was scheduled for June 15, 2022. Prior to sentencing, King complied with the PSI. At the sentencing hearing, the trial court imposed a sentence of 18 months in prison. King timely appealed.

## II. Sentencing

{¶ 7} In his sole assignment of error on appeal, King alleges that the trial court improperly relied upon his history of failing to appear for court in sentencing him to the maximum prison term. We find his argument unpersuasive.

{¶ 8} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must comply with all applicable rules and statutes, including those set out in R.C. 2929.11 and 2929.12 that apply in every felony case. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 9} When reviewing felony sentences, we apply the standard of review set forth in R.C. 2953.08(G). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d

1231, ¶ 1. Under that statute, an appellate court may increase, reduce, or otherwise modify a sentence, or vacate it all together and remand for resentencing, if it clearly and convincingly finds either (1) the record does not support certain specified findings, or (2) that the sentence imposed is contrary to law. *Id.* at ¶ 9, citing R.C. 2953.08(G)(2). "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 10} The Ohio Supreme Court recently explained that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. Therefore, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and 2929.12, we do not analyze whether those sentences are unsupported by the record but only whether those sentences are contrary to law. *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18; *Jones* at ¶ 26-29. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.).

{¶ 11} King was convicted of domestic violence with one prior offense, in violation

of R.C. 2919.25(A), a felony of the fourth degree. Domestic violence is an offense of violence as defined in R.C. 2901.01(A)(9)(a). Since King was convicted of a fourth-degree felony offense of violence, the trial court had discretion to sentence him to prison. R.C. 2929.13. For a felony of the fourth degree, the trial court could impose a definite stated prison term between 6 and 18 months. R.C. 2929.14(A)(4). Because this case does not involve any of the specific sections listed in R.C. 2953.08(G)(2)(a), this Court need only consider whether King's sentence is contrary to law under R.C. 2953.08(G)(2)(b).

{¶ 12} At King's sentencing hearing, the trial court indicated that it had considered the record, all oral and written statements submitted on behalf of the parties, and the PSI. The court explicitly stated that it had considered the purposes and principles of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. The court found that King was not amenable to community control sanctions and that a prison term was consistent with the purposes and principles of sentencing. The sentencing entry also reflects that the court considered and applied R.C. 2929.11 and 2929.12 in determining an appropriate sentence.

{¶ 13} In imposing a prison sentence, the court noted the physical harm caused to the victim in this case, that King had previously served a prison term, that King had violated his conditions of bond in the pending case, and King's extensive criminal history. The trial court reviewed on the record King's criminal history as reflected in the PSI, which included numerous traffic offenses and prior convictions such as attempted falsification, obstructing official business, possession of cocaine, unauthorized use of property,

domestic violence, resisting arrest, possession of drug paraphernalia, theft, and breaking and entering. The trial court further discussed that King had previously been granted probation multiple times and had violated the terms of probation on several occasions. Moreover, since his indictment in the underlying case, King had been found guilty of a misdemeanor in Xenia Municipal Court and had been charged with receiving stolen property in Dayton Municipal Court and theft and trespassing in Hillsboro Municipal Court. Thus, contrary to King's assertion, the trial court did not consider King's repeated failures to appear in court as the sole basis for sending him to prison.

{¶ 14} While the trial court did mention King's numerous failures to appear, it was stated as part of the court's review of King's lengthy criminal history, a factor the trial court must consider under R.C. 2929.12(D)(2). Moreover, in addition to the enumerated factors listed in R.C. 2929.12(D), the trial court was permitted to consider "any other factors" indicating that the offender is more likely or less likely to commit future crimes. R.C. 2929.12(D) and (E). The fact that an individual repeatedly fails to appear for court, which can itself be a criminal offense under R.C. 2937.99, is a reasonable factor for a trial court to consider in determining a defendant's likelihood to commit future crimes. Therefore, we do not agree with King that his repeated failures to appear in court could not be considered under R.C. 2929.11 and 2929.12.

{¶ 15} To the extent that King's challenge amounts to a disagreement with the trial court's consideration of R.C. 2929.11 and its weighing of the factors set forth in R.C. 2929.12, we reject his argument. "R.C. 2953.08(G)(2) does not permit an appellate court to conduct an independent review of a trial court's sentencing findings under R.C. 2929.12

or its adherence to the purposes of felony sentencing under R.C. 2929.11." *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 21, citing *Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 41-42.

**{¶ 16}** The record demonstrates that the prison term imposed was within the permissible statutory range and the trial court specifically considered the requisite statutory sentencing factors in R.C. 2929.11 and 2929.12. King cannot demonstrate that his sentence was clearly and convincingly contrary to law, and his sentence must be affirmed. Under *Jones*, this ends the inquiry regarding King's sentence, and his assignment of error is overruled.

### III.   Conclusion

**{¶ 17}** King's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J. and EPLEY, J., concur.