[Cite as *State v. McCain*, 2025-Ohio-2254.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 30410 |
| Appellee | : | |
| | : | Trial Court Case No. 2024 CR 03592 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| ZEDECIAH MCCAIN | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on June 27, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

[[Applied Signature]]
_____
MICHAEL L. TUCKER, JUDGE

[[Applied Signature 2]]
_____
RONALD C. LEWIS, JUDGE

[[Applied Signature 3]]

MARY K. HUFFMAN, JUDGE

**OPINION**
MONTGOMERY C.A. No. 30410


CHIMA R. EKEH, Attorney for Appellant
MATHIAS H. HECK, JR., by TRISTAN D. DIEGEL, Attorney for Appellee


HUFFMAN, J.

{¶ 1} Defendant-Appellant Zedeciah McCain appeals from his conviction on one count of strangulation of a pregnant victim following his guilty plea. He contends that his sentence was contrary to law because the trial court failed to consider the purposes and principles of sentencing and the seriousness and recidivism factors set forth in R.C. 2929.11 and R.C. 2929.12. However, the trial court specifically stated that it had considered the purposes and principles of sentencing and the seriousness and recidivism factors before sentencing McCain to a prison term of 18 months. For the reasons outlined below, we affirm the judgment of the trial court.

## I.    Background Facts and Procedural History

{¶ 2} On January 9, 2025, McCain was indicted on one count of strangulation of a pregnant victim in violation of R.C. 2903.18(B)(3), a felony of the third degree; one count of assault in violation of R.C. 2903.13(A), a misdemeanor of the first degree; and one count of criminal damaging in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree. McCain initially pleaded not guilty.

{¶ 3} On January 31, 2025, following plea negotiations, McCain pleaded guilty to the strangulation charge, and the other counts against him were dismissed. The trial court accepted McCain's plea and requested a presentence investigation report.

{¶ 4}   At the sentencing hearing, the trial court gave McCain the opportunity to make a statement and to provide the court with information in mitigation of punishment, but he declined to do so. The trial court then stated that it had considered the purposes and principles of sentencing as well as the seriousness and recidivism factors set forth in the Revised Code before sentencing McCain to an 18-month prison term, which fell within the statutory range for third-degree felonies. McCain timely appealed.

## II.      Assignment of Error

{¶ 5}   In his sole assignment of error, McCain contends that his sentence was contrary to law because the trial court failed to consider the purposes and principles of felony sentencing in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. He asserts that the trial court's mere recitation that it had considered the purposes and principles of felony sentencing and the recidivism factors was insufficient to comply with the requirements of R.C. 2929.11 and R.C. 2929.12, arguing that the trial court was required to make specific findings regarding the factors considered. We disagree.

{¶ 6} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.), citing *State v. Foster*, 2006-Ohio-856, paragraph seven of the syllabus. However, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 2011-Ohio-3864, ¶ 11 (2d Dist.), citing *State v. Mathis*, 2006-Ohio-855, ¶ 38.

{¶ 7} The overriding purposes of felony sentencing are set forth in R.C. 2929.11, which states:

(A) A court that sentences an offender for a felony shall be guided by the

overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶ 8} R.C. 2929.12 addresses several factors to be considered when imposing a sentence under R.C. 2929.11. R.C. 2929.12(A) provides:

Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code.

"R.C. 2929.12(B) through (F) then set out factors for the court to consider relating to matters such as the seriousness of the offender's conduct, the likelihood of the offender's recidivism, and the offender's service in the armed forces of the United States, if any." *State v. Jones*,

2020-Ohio-6729, ¶ 19. The trial court may also consider "any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A). "[N]either R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *Jones* at ¶ 20, citing *State v. Wilson*, 2011-Ohio-2669, ¶ 31; *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

**{¶ 9}** When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G). *State v. Worthen*, 2021-Ohio-2788, ¶ 13 (2d Dist.). Under that statute, an appellate court may increase, reduce, or modify a sentence, or vacate it altogether and remand for resentencing, if it " 'clearly and convincingly' finds either (1) the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *Id.* However, the Supreme Court of Ohio observed that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 14, quoting *Jones* at ¶ 39. Thus, when we review a felony sentence imposed after considering the factors in R.C. 2929.11 and R.C. 2929.12, we do not examine whether the sentence was unsupported by the record; rather, we simply determine whether the sentence was contrary to law. *Id.*, quoting *State v. McDaniel*, 2021-Ohio-1519, ¶ 11 (2d Dist.), citing *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.); *Jones* at ¶ 26-29. A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12. *Dorsey* at ¶ 18, quoting *State v. Brown*, 2017-Ohio-8416, ¶ 74 (2d Dist.).

**{¶ 10}** In general, the prison term for a third-degree felony ranges from 9 to 36 months. R.C. 2929.14(A)(3)(b). In this case, there is no dispute that McCain's 18-month sentence was within the statutory range for a third-degree felony. McCain contends that his

sentence was contrary to law because the trial court failed to make specific findings with respect to R.C. 2929.11 and R.C. 2929.12.

{¶ 11} However, at McCain's sentencing hearing, although the trial court did not discuss each principle and factor set forth in R.C. 2929.11 and R.C. 2929.12, the court specifically stated that it had considered "the purposes and principles of sentencing and the seriousness and recidivism factors in the Revised Code on the felony three charge of strangulation with a pregnant victim . . ." before sentencing McCain. Because R.C. 2929.11 and 2929.12 do not require a trial court to make any specific factual findings on the record, we conclude that the court sufficiently complied with considering the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. Under these circumstances, we cannot say McCain's sentence was contrary to law. His sole assignment of error is overruled.

### III.    Conclusion

{¶ 12} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.