[Cite as *State v. Wagner*, 2026-Ohio-289.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-33 |
| Appellee | : | |
| | : | Trial Court Case No. 2024CR0533 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| LAMONTE D. WAGNER | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on January 30, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

_____
MARY K. HUFFMAN, JUDGE

EPLEY, J., and HANSEMAN, J., concur.

JACKSON DICICCO, Attorney for Appellant
MEGAN A. HAMMOND, Attorney for Appellee

HUFFMAN, J.

{¶ 1} LaMonte D. Wagner appeals from a judgment entry of conviction, following a guilty plea, of one count of theft. For the following reasons, the judgment of the trial court is affirmed.

**Facts and Procedural History**

{¶ 2} On September 12, 2024, Wagner was indicted on one count each of breaking and entering and theft. Later, on April 16, 2025, Wagner pleaded guilty to theft, and the remaining count was dismissed. On July 8, 2025, when the matter was scheduled for disposition and a restitution hearing, Wagner failed to appear, and a warrant for his arrest was issued. Wagner's counsel moved to recall the warrant, set aside bond forfeiture, and set the matter for disposition, but the trial court overruled the motion. Wagner was arrested on July 13, 2025, after which he moved for bond modification, which was also denied. Sentencing occurred on July 23, 2025, and the court imposed community control sanctions including basic supervision for five years and a six-month jail term. The court also ordered Wagner to pay restitution, in an amount to which Wagner stipulated, and costs.

**Assignment of Error and Analysis**

{¶ 3} Wagner asserts one assignment of error. He claims that the "trial court imposed a sentence contrary to law by not giving sufficient weight to factors that made [his] conduct less serious than conduct normally constituting the offense," and that his sentence "went beyond the 'minimum sanctions' to protect the public from future crime, punish, and

2

promote" his rehabilitation. He directs our attention to R.C. 2929.11(A), and he "requests a reversal of his sentence and a re-sentencing."

{¶ 4} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.), citing *State v. Foster*, 2006-Ohio-856, paragraph seven of the syllabus. However, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Leopard*, 2011-Ohio-3864, ¶ 11 (2d Dist.), citing *State v. Mathis*, 2006-Ohio-855, ¶ 38.

{¶ 5} The overriding purposes of felony sentencing are set forth in R.C. 2929.11, which states, in relevant part:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶ 6} When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G). *State v. Worthen*, 2021-Ohio-2788, ¶ 13 (2d Dist.). Under this statute, an appellate court may increase, reduce, or modify a sentence, or vacate it

3

altogether and remand for resentencing, if it "'clearly and convincingly' finds either (1) the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *Id*. However, the Supreme Court of Ohio observed that R.C. 2953.08(G)(2)(b) "'does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12.'" *Id.* at ¶ 14, quoting *State v. Jones*, 2020-Ohio-6729, ¶ 39. Thus, when we review a felony sentence imposed after considering the factors in R.C. 2929.11 and 2929.12, we do not examine whether the sentence is unsupported by the record; rather, we simply determine whether the sentence is contrary to law. *Id.*, quoting *State v. McDaniel*, 2021-Ohio-1519, ¶ 11 (2d Dist.), and *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.). A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12. *Dorsey* at ¶ 18, quoting *State v. Brown*, 2017-Ohio-8416, ¶ 74 (2d Dist.).

{¶ 7} Wagner's judgment entry of conviction states:

The Court has considered the purposes of felony sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors pursuant to R.C. 2929.12, and the need for deterrence, incapacitation, rehabilitation and restitution. The Court is guided by the overriding purposes of felony sentencing, including protection of the public from future crime by the defendant and others, punishment of the defendant, and to promote effective rehabilitation of the defendant, using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

4

The judgment entry further states that Wagner's offense is "not a mandatory term pursuant to R.C. 2929.13(F), R.C. 2929.14 or 2925."

{¶ 8} Generally, the prison term for a fifth-degree felony offense is within a range of 6 to 12 months, but under R.C. 2929.13(B)(1)(a), courts are required to sentence offenders to community control sanctions for fourth- or fifth-degree felonies that are not offenses of violence or that are qualifying assault offenses. It appears that Wagner was eligible for community control, so his sentence of community control sanctions is not contrary to law. R.C. 2929.16(A)(2) expressly allows courts to impose "a term of up to six months in jail" as a community residential sanction when sentencing felony offenders to community control. In other words, the court did what was required and was free to impose a jail term as part of Wagner's community control sanctions. Because R.C. 2929.11 and 2929.12 do not require the trial court to make any specific factual findings on the record, and because the trial court sufficiently complied with considering the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, Wagner's assignment of error is overruled.

## Conclusion

{¶ 9} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, J., and HANSEMAN, J., concur.

5