[Cite as *State v. Ruthers*, 2023-Ohio-774.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ADAM T. RUTHERS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 BE 0023**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 21 CR 297

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan,* Belmont County Prosecutor, and *Atty. Jacob A. Manning,* Assistant Prosecuting Attorney, 52160 National Road, St. Clairsville, Ohio 43950, for Plaintiff-Appellee and

*Atty. Christopher P. Lacich,* Roth, Blair, 100 East Federal Street, Suite 600, Youngstown, Ohio 44503, for Defendant-Appellant.

Dated:  March 10, 2023

**D'Apolito, P.J.**

{¶1}    Appellant, Adam T. Ruthers, appeals from the May 27, 2022 judgment of the Belmont County Court of Common Pleas sentencing him to 30 months in prison for illegal conveyance of drugs of abuse onto the grounds of a specified governmental facility following a guilty plea.  On appeal, Appellant asserts the trial court erred in failing to impose a minimum sentence.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2}    On November 4, 2021, Appellant was indicted by the Belmont County Grand Jury on three counts: count one, illegal conveyance of drugs of abuse onto the grounds of a specified governmental facility, a felony of the third degree in violation of R.C. 2921.36(A)(2) and (G)(2); and counts two and three, trafficking in drugs, felonies of the fifth degree in violation of R.C. 2925.03(A)(1), (2), and (C)(2)(A), with specifications for forfeiture of money in a drug case pursuant to R.C. 2941.1417(A).[1]  Appellant was appointed counsel and pled not guilty at his arraignment.

{¶3}    Appellant subsequently entered into plea negotiations with Appellee, the State of Ohio.  A change of plea hearing was held on May 10, 2022.  Appellant withdrew his former not guilty plea and entered a guilty plea to count one, illegal conveyance of drugs of abuse onto the grounds of a specified governmental facility, a felony of the third degree, in violation of R.C. 2921.36(A)(2) and (G)(2).  The trial court accepted Appellant's guilty plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11.  The court merged and dismissed the remaining two counts contained in the indictment with the exception, by agreement, that the seized currency ($1,051.95) would be forfeited.  The court ordered a Presentence Investigation (PSI) and deferred sentencing.

{¶4}    A sentencing hearing was held on May 24, 2022.  The trial court considered the record, the oral statements, the PSI with attached Risk Assessment Summary of "High," the report from the Eastern Ohio Correction Center finding Appellant not appropriate for placement, Appellant's prison program completion certificates, the

---

[1] The charges stem from events while Appellant was serving a jail sentence.

purposes and principles of sentencing under R.C. 2929.11, the seriousness and recidivism factors under R.C. 2929.12, the prison factors under R.C. 2929.13, and found that a consecutive sentence pursuant to R.C. 2929.14 is necessary to protect the public from future crimes and to punish Appellant.  The court sentenced Appellant to 30 months in prison for illegal conveyance of drugs of abuse onto the grounds of a specified governmental facility consecutive to a sentence that he was already serving.  The seized currency ($1,051.95) was ordered forfeited and the court notified Appellant that he may be subject to two years of post-release control.[2]

{¶5}    Appellant filed a timely appeal and raises one assignment of error.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED AND IMPOSED A SENTENCE CLEARLY AND CONVINCINGLY CONTRARY TO LAW, BY FAILING TO IMPOSE A MINIMUM SENTENCE OF NINE MONTHS OF INCARCERATION.**

{¶6}    This court utilizes R.C. 2953.08(G) as the standard of review in all felony sentencing appeals.  *State v. Michaels*, 7th Dist. Mahoning No. 17 MA 0122, 2019-Ohio-497, ¶ 2, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

{¶7}    R.C. 2953.08(G) states in pertinent part:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.  The appellate court's standard for review is not whether the sentencing court abused its discretion.  The appellate court may take any action authorized by this

---

[2] Appellant filed various pro se post-sentencing motions with the trial court which were overruled and/or overruled as moot and are not at issue in this appeal.

division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2)(a)-(b).

{¶8} Although trial courts have full discretion to impose any term of imprisonment within the statutory range, they must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12.

{¶9} R.C. 2929.11(A) provides that the overriding purposes of felony sentencing are (1) "to protect the public from future crime by the offender and others"; and (2) "to punish the offender * * * using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶10} R.C. 2929.12 provides a nonexhaustive list of sentencing factors the trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses. The court that imposes a felony sentence "has discretion to determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A). The factors a trial court may consider include the "more serious" factors, such as "[t]he physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim" and "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." R.C. 2929.12(B)(1) and (2). The court may also consider the "less serious" factors, any recidivism factors, and any mitigating factors listed in R.C. 2929.12(C)-(F).

Case No. 22 BE 0023

> R.C. 2929.11 does not require the trial court to make any specific findings as to the purposes and principles of sentencing. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. Similarly, R.C. 2929.12 does not require the trial court to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

*State v. Shaw*, 7th Dist. Belmont No. 15 BE 0065, 2017-Ohio-1259, ¶ 36.

{¶11} "'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.' *State v. King,* 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.)." *State v. Burkhart*, 7th Dist. Belmont No. 18 BE 0020, 2019-Ohio-2711, ¶ 16.

{¶12} In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, the Supreme Court of Ohio has indicated that the language in *Marcum* is dicta. *Id.* at ¶ 27 ("The statements in *Marcum* at ¶ 23 suggesting that it would be 'fully consistent' with R.C. 2953.08(G) for an appellate court to modify or vacate a sentence when the record does not support the sentence under R.C. 2929.11 or 2929.12 were made only in passing and were not essential to this court's legal holding.") In *Jones,* the Court held that "R.C. 2953.08(G)(2)(b) * * * does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39. The Court explained that "an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Id.* at ¶ 32. Thus, under *Jones*, an appellate court errs if it relies on the dicta in *Marcum* and modifies or vacates a sentence "based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12." *Id.* at ¶ 29; *see also State v. Dorsey*, 2nd Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 17.

{¶13} Pursuant to *Jones*, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, appellate courts

shall no longer analyze whether those sentences are unsupported by the record. Rather, we simply must determine whether those sentences are contrary to law. *See Dorsey, supra,* at ¶ 18.

> A sentence is considered to be contrary to law if it falls outside of the statutory range for the particular degree of offense; if the trial court failed to properly consider the purposes and principles of felony sentencing as enumerated in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12; or if the trial court orders consecutive sentences and does not make the necessary consecutive sentence finding.

*Burkhart*, *supra,* at ¶ 12.

{¶14} Regarding consecutive sentences, R.C. 2929.14(C)(4) states:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

Case No. 22 BE 0023

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

It has been held that although the trial court is not required to recite the statute verbatim or utter "magic" or "talismanic" words, there must be an indication that the court found (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Bellard*, 7th Dist. Mahoning No. 12-MA-97, 2013-Ohio-2956, ¶ 17. The court need not give its reasons for making those findings however. *State v. Power*, 7th Dist. Columbiana No. 12 CO 14, 2013-Ohio-4254, ¶ 38. A trial court must make the consecutive sentence findings at the sentencing hearing and must additionally incorporate the findings into the sentencing entry. *State v. Williams*, 7th Dist. Mahoning No. 13-MA-125, 2015-Ohio-4100, ¶ 33-34, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

*State v. Thomas*, 7th Dist. Mahoning No. 18 MA 0025, 2020-Ohio-633, ¶ 41.

{¶15} In this case, Appellant alleges the trial court should have imposed a more lenient sentence of nine months rather than 30 months. Appellant maintains "the trial court seemed to be limiting [his] avenues of appeal by charitably not giving him the maximum sentence of 36 months, all while claiming he truly deserved the same." (8/25/2022 Appellant's Brief, p. 7). Appellant stresses "[t]his seems to indicate that the trial court had lost its way in not being focused on the imposition of the appropriate minimum sentence, but rather was biased towards imposing the maximum sentence from the jump-start." (*Id.*) The record before us, however, reveals no trial court bias and no sentencing error.

**{¶16}** At the sentencing hearing, the judge heard from the prosecutor on behalf of the State (who recommended a 30-month sentence based on Appellant's criminal history, which included pending charges), from defense counsel on behalf of Appellant (who read a letter from Appellant and recommended a nine-month sentence), and from Appellant (who offered an apology for his actions). The judge concluded by stating, in part, the following:

THE COURT: All right, thank you.

Again, the Court has to consider the purposes and principles of sentencing and balance the seriousness and recidivism factors, those same factors relied upon or mentioned by [defense counsel].

What the Court is primarily impressed with here, as far as the factors that indicate more serious conduct, more likelihood of recidivism is that for the last 17 years, Mr. Ruthers, every place you have ever been, you have committed crimes.

I'll just briefly summarize: Ohio County, West Virginia; Marshall County, West Virginia; back in Ohio County, West Virginia; Belmont County, Ohio; back to Ohio County, West Virginia; Nueces County, Texas; Dunbar, West Virginia; Winfield, West Virginia; Delaware County, Ohio; back to Marshall County; Washington County, Pennsylvania; Richland County, Ohio; and then back here to Belmont County.

That records (sic) includes a history of lawlessness that corresponds to that summary, as follows: Possession of drugs - - these are just the felonies. Grand larceny; fraud, there's two of those as part of one incident; three burglaries, although those were separate incidents; illegal conveyance of a weapon; trafficking in drugs. Altogether - - now some of the prison sentences were concurrent; some were consecutive - - so all tolled, there were eight prison terms.

Also very disturbing to the Court is, you were placed on parole, and you

were violated each time that you were, except one time, I think your term expired. So again, just shows a continuing course of unlawfulness on your part, your inability to conform to the rules and regulations that govern a peaceful society.

On the misdemeanor side, again, there's a whole host of charges here. Underage consumption; battery; reckless operation; two drugs [sic] possessions; disorderly conduct; OVI; driving under suspension; obstructing justice, there's two of those; attempted vandalism; again, the list goes on and on.

By getting and/or attempting to get drugs into the facility, you created the risk of harm, not only to the corrections staff or the corrections officers, but also to the other inmates.

Again, this was part of an organized criminal plan. You yourself have a drug history that includes alcohol and marijuana starting at age 10; opiates at 16. I won't go down the list of which ones, but there's numerous. Suboxone at 28, and then moving up to stimulants, including methamphetamine at 30.

Again, that's the history. You've indicated that you've never gotten help, because when you want the help, it's not available. But the problem is when you want the help, it's because you're already in prison. And granted, there is no counseling there. But when you were out and you had the possibility or chance of getting or seeking counseling, you had no indication or use of that option at that time.

Again, there's been no showing of genuine remorse.

The factors that indicate less serious conduct, less likelihood of recidivism, the Court finds are absent from the record.

Again, the Court has considered the purposes and principles.

The Court has also considered that consecutive sentences are necessary

to protect the public from you and to punish you. Consecutive sentences are not disproportionate to the seriousness of your conduct and the danger that you pose to society.

Now, let me make that perfectly clear, Mr. Ruthers: You're a danger to society. Law abiding people do not need you out on the streets any more.

These crimes were committed while you were serving a sentence, and your history of conduct shows that consecutive sentences are necessary to protect the public from you and your future crimes which will surely be committed.

The Court is going to find that more than a minimum sentence is necessary, appropriate and reasonable. A very short sentence or non-consecutive sentences or a community control sentence will not adequately punish you and protect the public from you and would make a mockery of this entire process, should that occur.

The Court is also going to find, Mr. Ruthers, that what you truly deserve here is the maximum sentence, which is 36 months; however, if I did that, we will be wasting more resources, because then that will open the door to you for an appeal. And so the sentence in this case is going to be the forfeiture, as mentioned previously, but for this charge, you will serve 36 months in the - - I'm sorry 30 months in the penitentiary, and that sentence will be served consecutive to and begin immediately after your current sentence. You have no time-served credit for this offense.

Now, since you are being sent to the penitentiary, when you get out, the Parole Authority has the option - - I have nothing to do with it - - to place you on supervision; they call theirs post release control; could be for as long as two years.

(5/24/2022 Sentencing Hearing Tr., p. 10-15).

Case No. 22 BE 0023

**{¶17}** Also, in its May 27, 2022 judgment, the trial court stated:

* * * Defendant appeared in custody, electronically from Ross Correctional Institution, and was afforded all rights pursuant to Criminal Rule 32. The Court has considered the record, oral statements, the Presentence Investigation Report with attached Risk Assessment Summary of High, the report from the Eastern Ohio Correction Center (EOCC) finding Defendant not appropriate for placement, and Defendant's prison program completion certificates, as well as the principles and purposes of sentencing in Revised Code 2929.11 and has balanced the seriousness and recidivism factors under Revised Code 2929.12.

Defendant agreed and is Ordered that the seized currency ($1,051.95) is Ordered forfeited. The State will submit a distribution Entry.

The Court finds that on May 10, 2022, Defendant was found guilty by plea of Illegal Conveyance, in violation of O.R.C. 2921.36(A)(2)(G)(2), a felony of the third degree.

The Court, in sentencing, may, in its discretion to determine the most effective way to comply with the principles and purposes of sentencing set forth in Revised Code 2929.11, consider the factors contained in Ohio Revised Code 2929.12(B), (C), (D), and (E), and any other factors relevant to achieving those purposes and principles.

In light of that guidance, the Court finds that the factors contained in Ohio Revised Code 2929.12(B) and (D) which indicate more serious conduct and more likelihood of recidivism include the following:

1. As an adult, Defendant has felony convictions for Drug Possession, Grand Larceny, Fraud (2), Burglary (3), Illegal Conveyance of Weapons, and Drug Trafficking. He has served eight (8) separate prison terms. Defendant also has another pending charge similar to the charge in this case. Finally, he has three (3) times had his parole revoked;

Case No. 22 BE 0023

2. As an adult, Defendant has misdemeanor convictions for OVI, Drug Possession (2), Battery, Obstruction (2), DUS, and five (5) lesser offenses;

3. Defendant's conduct was part of an organized criminal plan;

4. Defendant's conduct created the risk of harm to the correction officers and other inmates;

5. Defendant's crime occurred while he was serving a jail sentence;

6. Defendant has not been rehabilitated as shown by his long history of criminal conduct in numerous jurisdictions;

7. Defendant's crime is related to his substance abuse history that includes Alcohol and Marihuana [sic] (10), Opiates (16), Suboxone (28) and Methamphetamine (30). His drugs of choice are Opiates. Although he now pleads for counseling, he's never availed himself of available treatment; and

8.  Defendant has not shown genuine remorse.

In accordance with Ohio Revised Code 2929.12(C) and (E), which suggest that his conduct is less serious and that recidivism is less likely, the Court can find no factors in Defendant's favor.

The Court further finds in accordance with Ohio Revised Code 2929.11(A), that the overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender, using the minimum sanctions that the Court determines accomplishes these purposes, without imposing an unnecessary burden on State or local government resources.

The Court further finds that a consecutive prison term is necessary in this action so as to protect the public from future crime and to punish Defendant. A consecutive term is not disproportionate with Defendant's conduct as cited above and to the danger Defendant poses to the public as shown by

his criminal career. This offense was committed as part of a course of criminal conduct and the potential harm was so great and unusual that no single prison term adequately reflects the seriousness of Defendant's conduct. Finally, Defendant's history of behavior shows that consecutive terms are needed to protect the public from Defendant, especially as he committed this crime while serving a jail sentence.

In light of that guidance, the Court finds that more than the minimum sentence is deemed necessary and is otherwise appropriate and reasonable as is a consecutive sentence. Therefore, in accordance with Ohio Revised Code 2929.13(B) and (D) the Court finds that the shortest sentence and/or a nonconsecutive sentence, and/or a community control sentence or a combination of sanctions, will not adequately punish Defendant and protect the public from future crimes and will demean the seriousness of the offense and that factors decreasing seriousness are greatly outweighed by those increasing seriousness and that there is more likelihood of recidivism if Defendant is placed upon community control supervision or given a shorter or nonconsecutive sentence.

The Court makes all findings based upon the sentencing factors contained in Ohio Revised Code 2929.11, 2929.12, 2929.13 and 2929.14, as such have been amended and/or modified by *State v. Foster*, 109 Ohio St.3d 1, and in accordance with House Bill 86, effective September 30, 2011, and Senate Bill 160, effective March 22, 2013.

Therefore, the Court sentences Defendant to serve thirty (30) months in the Penitentiary with credit for zero (0) days served through and including May 24, 2022. This sentence will be served consecutive to and begin immediately after Defendant completes his current prison sentence. The seized currency ($1,051.95) is Ordered forfeited with the State to submit a distribution Entry.

As part of the sentence herein, and since Defendant is being sent to the

Penitentiary, and pursuant to Ohio Revised Code 2967.28, upon completion of the prison term, Defendant may be subject to a further period of supervision under Post-Release Control as the Parole Board may determine for up to two (2) years. * * *

* * *

The Court advised Defendant of his right to appeal in accordance with Ohio Revised Code 2953.08(C) and of his right to counsel to assist in prosecuting that appeal.

(5/27/2022 Judgment Entry, p. 1-6).

{¶18} The record in this case reflects no sentencing error. The trial court gave due deliberation to the relevant statutory considerations and properly advised Appellant regarding post-release control. The court considered the purposes and principles of felony sentencing under R.C. 2929.11, balanced the seriousness and recidivism factors under R.C. 2929.12, and considered the prison factors under R.C. 2929.13.

{¶19} The trial court found that "the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" R.C. 2929.14(C)(4). The court also found the offenses were committed during a course of conduct and that the harm was so great or unusual that a single term does not "adequately reflect the seriousness of the offender's conduct." R.C. 2929.14(C)(4)(b). Thus, the court complied with R.C. 2929.14(C)(4). *See Thomas, supra,* at ¶ 41.

{¶20} The trial court did not impose the 36-month maximum. Rather, the court imposed a 30-month sentence on count one, illegal conveyance of drugs of abuse onto the grounds of a specified governmental facility, a felony of the third degree in violation of R.C. 2921.36(A)(2) and (G)(2). Appellant's sentence is within the statutory range for the third-degree felony offense. R.C. 2929.14(A)(3)(b) ("For a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months.")

Case No. 22 BE 0023

**{¶21}** Accordingly, we do not find by clear and convincing evidence that the record does not support Appellant's 30-month sentence or that the sentence is contrary to law. *See* R.C. 2953.08(G).

## CONCLUSION

**{¶22}** For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The May 27, 2022 judgment of the Belmont County Court of Common Pleas sentencing Appellant to 30 months in prison for illegal conveyance of drugs of abuse onto the grounds of a specified governmental facility following a guilty plea is affirmed.

Waite, J., concurs.

Hanni, J.,concurs.

Case No. 22 BE 0023

[Cite as *State v. Ruthers*, 2023-Ohio-774.]

———————————————

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**NOTICE TO COUNSEL**

**This document constitutes a final judgment entry.**