[Cite as *State v. Kirksey*, 2021-Ohio-2893.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JASON A. KIRKSEY, SR.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 JE 0002**

---

Criminal Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 19 CR 69

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. Jane M. Hanlin*, Jefferson County Prosecutor, Jefferson County Justice Center, 16001 State Route 7, Steubenville, Ohio 43952, for Plaintiff-Appellee and (No Brief Filed)

*Atty. Brian A. Smith,* Brian Smith Law Firm, LLC, 755 White Pond Drive, Suite 403, Akron, Ohio 44320, for Defendant-Appellant.

Dated:  August 20, 2021

_____

**D'APOLITO, J.**

**{¶1}** Appellant, Jason A. Kirksey, Sr., appeals from the December 2, 2019 judgment of the Jefferson County Court of Common Pleas sentencing him to a jointly recommended, indefinite sentence of six to nine years in prison for possession of drugs (cocaine) following a guilty plea.  On appeal, Appellant asserts his sentence is contrary to law because the trial court's sentencing entry failed to include a waiver of the mandatory fine for a first-degree felony drug offense pursuant to R.C. 2929.18.  For the reasons stated, because Appellant's sentencing entry does not comport with the sentence pronounced by the trial court at the sentencing hearing, we reverse and remand for a nunc pro tunc sentencing entry consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

**{¶2}** On June 6, 2019, Appellant was indicted by the Jefferson County Grand Jury on one count of possession of drugs (cocaine), a felony of the first degree, in violation of R.C. 2925.11(A) and (C)(4)(e).[1]  Appellant retained counsel, pleaded not guilty at his arraignment, and waived his right to a speedy trial.

**{¶3}** Thereafter, Appellant withdrew his former not guilty plea and entered an oral and written plea of guilty to the single count as charged in the indictment.  The trial court accepted Appellant's guilty plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11.  Appellant and Appellee, the State of Ohio, agreed to a jointly recommended, indefinite sentence of six to nine years in prison.

**{¶4}** The trial court considered the record, oral statements, Appellant's criminal history, the purposes and principles of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12.  The court sentenced Appellant to the jointly recommended, indefinite sentence of six to nine years in prison.  Appellant

_____

[1] The charge stems from Appellant's involvement in which he and his two co-defendants, who were passengers in his vehicle, were charged with possession of drugs (cocaine) following a traffic stop.

Case No. 20 JE 0002

was given 222 days of jail-time credit. The court also notified Appellant that post-release control is mandatory for a period of five years.

**{¶5}** Appellant filed this appeal and raises one assignment of error.[2]

## ASSIGNMENT OF ERROR

**THE TRIAL COURT'S SENTENCE OF APPELLANT WAS CONTRARY TO LAW BECAUSE IT DID NOT INCLUDE A WAIVER OF THE MANDATORY FINE PURSUANT TO R.C. 2929.18.**

**{¶6}** When reviewing a felony sentence, an appellate court must uphold the sentence unless the evidence clearly and convincingly does not support the trial court's findings under the applicable sentencing statutes or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

**{¶7}** R.C. 2953.08(G) states in pertinent part:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

---

[2] The State did not file a brief. Appellant was found indigent and appointed appellate counsel.

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2)(a)-(b).

**{¶8}** An oral pronouncement of a court is not a final order. *State v. Kennedy*, 7th Dist. Mahoning No. 18 MA 0082, 2020-Ohio-1362, ¶ 15. Rather, a court of record speaks only through its journal entries. *Id.* A sentencing entry that does not accurately reflect the trial court's statements made at the sentencing hearing must be reversed and remanded for resentencing. *State v. White*, 10th Dist. Franklin No. 99AP-32, 1999 WL 1124746, at *2 (Dec. 9, 1999).

**{¶9}** At issue here is R.C. 2929.18, "Financial sanctions." R.C. 2929.18(A)(3)(a) allows for fines up to $20,000 for a first-degree felony. R.C. 2929.18(B)(1) states:

> For a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

**{¶10}** In this case, Appellant did not file an affidavit of indigency. However, the State agreed not to seek a fine against Appellant as part of his sentence due to his inability to pay. At the sentencing hearing, the prosecutor indicated the State was "[n]ot asking for a fine of any type; [Appellant] doesn't have the ability to pay it." (11/26/2019 Sentencing Hearing T.p., p. 38-39). The trial court stated on the record that it was waiving the mandatory fine due to Appellant's indigency status:

> THE COURT: And the maximum fine is twenty thousand dollars. There's also - - half of that is a mandatory fine, I think. * * * [T]he State is not asking for that based on your status of - - your indigent status. You just got out of

prison, now you're going back to prison.  It's not likely that you're going to be able to pay.

(*Id.* at 50)

**{¶11}** Appellant's counsel also requested that Appellant not be fined pursuant to the State's recommendation.  (*Id.* at 50-51).  The trial judge concluded by stating on the record, "I'm not going to impose a fine."  (*Id.* at 74).

**{¶12}** However, notwithstanding the foregoing colloquy and determinations made at the sentencing hearing, the trial court did not include a waiver of the mandatory fine in Appellant's sentencing entry.  Rather, the court merely stated: "The Court finds that the Defendant is unable to pay the financial sanctions and is unlikely, in the future, to be able to pay.  Therefore, Court *costs,* and supervisory *fees*, are waived at the request of the Defendant and without object[ion] from the State of Ohio."  (12/2/2019 Sentencing Entry, p. 4).  (Emphasis added).  Thus, the court waived costs and fees but not the mandatory fine.

**{¶13}** Accordingly, because Appellant's sentencing entry does not comport with the sentence pronounced by the trial court at the sentencing hearing, we reverse and remand for the trial court to include a waiver of the mandatory fine pursuant to R.C. 2929.18 in a nunc pro tunc sentencing entry.

## CONCLUSION

**{¶14}** For the foregoing reasons, Appellant's sole assignment of error is well-taken.  The December 2, 2019 judgment of the Jefferson County Court of Common Pleas is reversed and remanded to the trial court for the sole purpose of issuing a nunc pro tunc sentencing entry consistent with this opinion.

Donofrio, P.J., concurs.

Waite, J., concurs.

Case No. 20 JE 0002

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is reversed.  We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion.  Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**