[Cite as *State v. Adams*, 2023-Ohio-1693.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

RONALD ADAMS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0009**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2020 CR 00742

**BEFORE:**
David A. D'Apolito, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor*,* and *Atty. Ralph M. Rivera*, Assistant Chief, Criminal Division, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Rhys B. Cartwright-Jones*, 42 North Phelps Street, Youngstown, Ohio 44503, for Defendant-Appellant.

Dated:  May 17, 2023

**D'Apolito, P.J.**

{¶1} Appellant, Ronald Adams, appeals from the January 7, 2022 judgment of the Mahoning County Court of Common Pleas sentencing him to a total, indefinite term of six years (minimum) to nine years (maximum) in prison for engaging in a pattern of corrupt activity and grand theft of a motor vehicle following a guilty plea.[1] On appeal, Appellant asserts the trial court erred in imposing a consecutive sentence. For the reasons stated, because Appellant's sentencing entry does not comport with the sentence pronounced by the trial court at the sentencing hearing, we reverse and remand for a nunc pro tunc sentencing entry consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

{¶2} On December 3, 2020, Appellant and four other co-defendants were indicted by the Mahoning County Grand Jury on 42 counts, including charges for engaging in a pattern of corrupt activity, breaking and entering, grand theft of a motor vehicle, theft, and receiving stolen property. Appellant was appointed counsel, pled not guilty at his arraignment, and waived his right to a speedy trial.

{¶3} Appellant subsequently entered into plea negotiations with Appellee, the State of Ohio.[2] A change of plea hearing was held on December 30, 2021. Appellant withdrew his former not guilty plea and entered a guilty plea to count one, engaging in a pattern of corrupt activity, a felony of the second degree in violation of R.C. 2923.32(A)(1) and (B)(1), and counts four, six, ten, 12, 22, 24, 25, and 26, grand theft of a motor vehicle, felonies of the fourth degree in violation of R.C. 2913.02(A)(1) and (B)(5). The trial court accepted Appellant's guilty plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11. The court dismissed the remaining counts contained in the indictment against Appellant, ordered a PSI, and deferred sentencing.

{¶4} A sentencing hearing was held on January 5, 2022. The trial court made no determination or R.C. 2929.14(C)(4) findings regarding running any counts

---

[1] Am. Sub. S.B. No. 201, 2018 Ohio Laws 157, known as the "Reagan Tokes Law," significantly altered the sentencing structure for many of Ohio's most serious felonies by implementing an indefinite sentencing system for those non-life felonies of the first and second degree, committed on or after March 22, 2019.

[2] The State recommended a sentence of eight to ten years.

consecutively at the sentencing hearing. Instead, the court stated that the eight counts of grand theft of a motor vehicle would "run concurrent to the sentence on Count One [engaging in a pattern of corrupt activity]." (1/5/2022 Sentencing Hearing Tr., p. 14-15).

{¶5} After considering the record, the oral statements, the purposes and principles of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12, the trial court issued its judgment sentencing Appellant to a total indefinite term of six to nine years in prison: six years (minimum) to nine years (maximum) on count one, engaging in a pattern of corrupt activity, a felony of the second degree in violation of R.C. 2923.32(A)(1) and (B)(1); and six months on counts four, six, ten, 12, 22, 24, 25, and 26, grand theft of a motor vehicle, felonies of the fourth degree in violation of R.C. 2913.02(A)(1) and (B)(5), consecutive to each other.[3] (1/7/2022 Sentencing Entry, p. 1-3). The court ordered that the grand theft of a motor vehicle counts run concurrently to the engaging in a pattern of corrupt activity count for a total sentence of six to nine years in prison with 188 days of credit. (*Id.* at p. 3). The court notified Appellant that post-release control is mandatory for a period of three years. (*Id.*)

{¶6} Appellant filed a timely appeal and raises one assignment of error.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES, TOTALING 8 YEARS, BECAUSE THE RECORD DOES NOT CONTAIN ANY RECITATION OF OR EVIDENCE TO SUPPORT THE ELEMENTS OF R.C. 2929.14(C).**

{¶7} This court utilizes R.C. 2953.08(G) as the standard of review in all felony sentencing appeals. *State v. Michaels*, 7th Dist. Mahoning No. 17 MA 0122, 2019-Ohio-497, ¶ 2, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

{¶8} R.C. 2953.08(G) states in pertinent part:

---

[3] Appellant voluntarily waived the PSI.

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2)(a)-(b).

{¶9} Although trial courts have full discretion to impose any term of imprisonment within the statutory range, they must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12.

{¶10} R.C. 2929.11(A) provides that the overriding purposes of felony sentencing are (1) "to protect the public from future crime by the offender and others"; and (2) "to punish the offender * * * using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶11} R.C. 2929.12 provides a nonexhaustive list of sentencing factors the trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses. The court that imposes a felony sentence

Case No. 22 MA 0009

"has discretion to determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A). The factors a trial court may consider include the "more serious" factors, such as "[t]he physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim" and "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." R.C. 2929.12(B)(1) and (2). The court may also consider the "less serious" factors, any recidivism factors, and any mitigating factors listed in R.C. 2929.12(C)-(F).

> R.C. 2929.11 does not require the trial court to make any specific findings as to the purposes and principles of sentencing. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. Similarly, R.C. 2929.12 does not require the trial court to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

*State v. Shaw*, 7th Dist. Belmont No. 15 BE 0065, 2017-Ohio-1259, ¶ 36.

{¶12} "'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences.' *State v. King,* 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.)." *State v. Burkhart*, 7th Dist. Belmont No. 18 BE 0020, 2019-Ohio-2711, ¶ 16.

{¶13} In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, the Supreme Court of Ohio has indicated that the language in *Marcum* is dicta. *Id.* at ¶ 27 ("The statements in *Marcum* at ¶ 23 suggesting that it would be 'fully consistent' with R.C. 2953.08(G) for an appellate court to modify or vacate a sentence when the record does not support the sentence under R.C. 2929.11 or 2929.12 were made only in passing and were not essential to this court's legal holding.") In *Jones,* the Court held that "R.C. 2953.08(G)(2)(b) * * * does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39. The Court explained that "an appellate court's

determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Id.* at ¶ 32. Thus, under *Jones*, an appellate court errs if it relies on the dicta in *Marcum* and modifies or vacates a sentence "based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12." *Id.* at ¶ 29; *see also State v. Dorsey*, 2nd Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 17.

**{¶14}** Pursuant to *Jones*, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, appellate courts shall no longer analyze whether those sentences are unsupported by the record. Rather, we simply must determine whether those sentences are contrary to law. *See Dorsey, supra,* at ¶ 18.

> A sentence is considered to be contrary to law if it falls outside of the statutory range for the particular degree of offense; if the trial court failed to properly consider the purposes and principles of felony sentencing as enumerated in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12; or if the trial court orders consecutive sentences and does not make the necessary consecutive sentence finding.

*Burkhart*, *supra,* at ¶ 12.

**{¶15}** Regarding consecutive sentences, R.C. 2929.14(C) states:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed

pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a)-(c).

{¶16} At the outset, this court finds no error in the total indefinite prison term of six to nine years. The trial court considered the purposes and principles of felony sentencing under R.C. 2929.11, balanced the seriousness and recidivism factors under R.C. 2929.12, and properly advised Appellant regarding post-release control. The court imposed an indefinite six year (minimum) to nine year (maximum) sentence on count one, engaging in a pattern of corrupt activity, and ran the remaining counts concurrently to count one. Appellant's sentence is within the statutory range for the second degree felony offense. R.C. 2929.14(A)(2)(a) ("minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code"); R.C. 2929.144(B)(1) ("If the offender is being sentenced for one felony and the felony is a qualifying felony of the first or second degree, the maximum prison term shall be equal to the minimum term imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code plus fifty per cent of that term"). Thus, Appellant's sentence is not contrary to law. *See* R.C. 2953.08(G).

{¶17} In this case, Appellant alleges the trial court did not make the requisite findings pursuant to R.C. 2929.14(C)(4) when it sentenced him consecutively. (8/1/2022 Appellant's Brief, p. 1-4). The State argues the court was not required to make any findings because it sentenced Appellant concurrently. (8/16/2022 Appellee's Brief, p. 3). In its reply, Appellant claims "the narrow issue now is whether the sentencing record is

sufficiently discreditably [sic] to make out what sentencing the trial court intended to impose" because "there is a variance between the transcript and the judgment entry." (8/16/2022 Appellant's Reply Brief, p. 1-2).

**{¶18}** We agree with Appellant that the sentencing entry does not comport with the sentence pronounced by the trial court at the sentencing hearing.

**{¶19}** At the sentencing hearing, the judge heard from the prosecutor on behalf of the State, from defense counsel on behalf of Appellant, and from Appellant. The judge concluded by stating the following:

> THE COURT: Let the record reflect the defendant was present via teleconference in court for a sentencing hearing and it was held pursuant to Ohio Revised Code 2919.
>
> Defendant was represented by Attorney Yarwood, the State was represented by Attorney Meikle.
>
> The defendant was afforded all his rights pursuant to Criminal Rule 32.
>
> The Court has considered the record, the oral statements made and the principles and purposes of sentencing under Ohio Revised Code 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code 2929.12.
>
> The Court finds defendant did enter pleas of guilty to one count of engaging in a pattern of corrupt activity, a violation of Ohio Revised Code 2923.32(A)(1)(B)(1), a felony of the second degree; and, eight counts of grand theft of a motor vehicle, violation of Ohio Revised Code 2913.02(A)(1)(B)(5), felonies of the fourth degree.
>
> Court further finds that defendant is not amenable to community control and prison is consistent with the principles and purposes of sentencing.
>
> Therefore, it's the order of this Court defendant be sentenced to six [years][4]

---

[4] In reference to the sentence on count one, the trial court initially misspoke by stating "months" before correctly stating "years" regarding the six-year term.

Case No. 22 MA 0009

on Count One to the Department of Rehabilitations and Corrections. On the eight counts of grand theft, defendant will be sentenced to six months also on each count to run concurrent to the sentence on Count One, for a total of six years.

However, because of Reagan Tokes and the Department of Rehabilitations, it could be up to nine. But if you behave yourself, sir, it will not be nine years.

When you are released from prison, you will be subject to a mandatory post-release control time of up to three years but no less than 18 months.

You have the right to appeal this sentence. If you cannot afford an attorney, one will be appointed to represent you on that appeal.

(1/5/2022 Sentencing Hearing Tr., p. 13-15).

{¶20} Thus, at the sentencing hearing, the trial court made no determination or R.C. 2929.14(C)(4) findings regarding running any counts consecutively. Instead, the court stated that the eight counts of grand theft of a motor vehicle would "run concurrent to the sentence on Count One [engaging in a pattern of corrupt activity]." (1/5/2022 Sentencing Hearing Tr., p. 14-15).

{¶21} However, in its January 7, 2022 sentencing entry, the trial court added consecutive sentences, stating:[5]

The Court has considered the record, oral statements, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12.

The Court further finds that community control sanctions would demean the seriousness of the offender's conduct and its impact on the victim; that a sentence of imprisonment is commensurate with the seriousness of the offenses * * * and its impact on the victim; and that a prison sentence does

---

[5] The trial court specified that Appellant was sentenced to an indefinite prison term of six years (minimum) to nine years (maximum) on count one, engaging in a pattern of corrupt activity, and six months on each of the eight counts of grand theft of a motor vehicle. (1/7/2022 Sentencing Entry, p. 2).

Case No. 22 MA 0009

not place an unnecessary burden on the State governmental resources. Prison accomplishes the principles and purposes of sentencing. The need to deter others from similar conduct and to protect the public necessitates the Defendant's imprisonment.

\* \* \*

Count One is to run ***concurrent*** with Counts Four, Six, Ten, Twelve, Twenty-Two, Twenty-Four, Twenty-Five, and Twenty-Six which are to run ***consecutive*** to each other for a TOTAL PRISON TERM OF SIX (6) TO NINE (9) YEARS.

Defendant has been given notice under R.C. 2929.19(B)(3) and of the appellate rights under R.C. 2953.08.

(Emphasis sic) (1/7/2022 Sentencing Entry, p. 1, 3).

**{¶22}** Accordingly, because Appellant's sentencing entry does not comport with the sentence pronounced by the trial court at the sentencing hearing, we reverse and remand for the trial court to correct and specify Appellant's concurrent sentence in a nunc pro tunc sentencing entry. *See, e.g., State v. Kirksey*, 7th Dist. Jefferson No. 20 JE 0002, 2021-Ohio-2893, ¶ 13.

## CONCLUSION

**{¶23}** For the foregoing reasons, Appellant's sole assignment of error is well-taken to the extent provided. The January 7, 2022 judgment of the Mahoning County Court of Common Pleas is reversed and remanded to the trial court for the sole purpose of issuing a nunc pro tunc sentencing entry specifying Appellant's concurrent sentence consistent with this opinion.

Robb, J., concurs.

Hanni, J., concurs.

Case No. 22 MA 0009

[Cite as *State v. Adams*, 2023-Ohio-1693.]

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is reversed and we hereby remand this matter to the trial court for the sole purpose of issuing a nunc pro tunc sentencing entry specifying Appellant's concurrent sentence consistent with this opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**